**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

|                          |     |                          |
|--------------------------|-----|--------------------------|
| BREANAH ROMEO            | )   |                          |
| Plaintiff,               | )   |                          |
|                          | )   |                          |
|                          | )   |                          |
|                          | )   |                          |
| v.                       | )   | Case No. CPU4-22-002482  |
|                          | )   |                          |
| SHATERA LOVE &           | )   |                          |
| SIMM ASSOCIATES, Inc.    | )   |                          |
| Defendant.               | )   |                          |
|                          | )   |                          |

Submitted: April 12, 2024
Decided: June 4, 2024

## MEMORANDUM OPINION AND ORDER

## DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE

**Manning, J.**

1

## BACKGROUND

On October 27, 2022, Plaintiff Breanah Romeo ("Romeo") filed a Complaint with the Court stating that Defendant Shatera Love ("Love"), who was then employed by Simm Associates, Inc. ("Simm"), used her employer's database to unlawfully obtain and then disclose Romeo's new address and the last four digits of her social security to the mutual father of their respective children. Romeo stated that she informed Simm of the incident and that as a result of the incident her privacy was invaded and the safety of her and her child was put at risk.[1] Romeo demanded $75,000 in damages. [2]

On December 6, 2022, Simm filed a Motion for More Definite Statement stating, "[t]he Complaint in this case is not sufficiently intelligible to make out a viable legal theory against Simm." [3] Simm requested that this Court order a more definite statement or in the alternative dismiss Romeo's complaint. [4] On December 22, 2022, Romeo filed a Motion for Default Judgment as to Love for failure to file an Answer. On January 27, 2023, Love filed an Answer, stating she was denying all allegations that Romeo set forth in the Complaint.[5] Also on January 27, 2023, a hearing was held on Simm's Motion for More Definite Statement. I granted the

---

[1] Pl. Compl.
[2] Pl. Compl.
[3] Def. Mot. for More Definite Statement.
[4] *Id.*
[5] Def. Answ.

Motion, and Romeo was directed to file a more specific complaint as to both parties.

On February 15, 2023, Romeo filed a response to the Order for More Definitive Statement, alleging Simm committed hiring negligence, negligent training and supervision, gross negligence, and vicarious negligence.[6]

On March 10, 2023, a hearing was held on Romeo's Motion for Default Judgment where Love failed to appear. Due to Love's failure to appear, I granted Romeo's Motion for Default Judgment as to Love.

On March 24, 2023, Simm filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, stating Romeo's erroneous attempt to attach liability against Simm for the alleged actions of Love must be rejected because the alleged actions of Love were done solely in furtherance of Love's interests and were not within the scope of Love's employment with Simm.[7]

On June 23, 2023, a Hearing for Simm's Motion to Dismiss was held where I ordered that Romeo should file her written response to Simm's Motion to Dismiss with this Court no later than July 21, 2023.

On July 20, 2023, Romeo filed a response to Simm's Motion to Dismiss stating that Simm is liable for the actions of their employees and the Motion to

---

[6] Pl. Resp. to Mot. for More Definite Statement.
[7] Def. Mot. to Dismiss.

Dismiss should be denied. In her Response, Romeo cited eight cases that supported her theory that would attach liability to Simm for Love's purported actions.

Furthermore, on July 30, 2023, Romeo filed a Motion to Disqualify Love's Counsel for conflict of interest, breach of confidentiality, and ethical violations.

On August 31, 2023, Love's Counsel filed an Opposition to Romeo's Motion to Disqualify Counsel arguing that the reasons Romeo listed in her motion were not proper grounds to disqualify him as Love's Counsel. However, this issue was deemed moot at a subsequent hearing due to the substitution of Love's Counsel.

At the subsequent hearing Love's new counsel was given 30 days to file a motion to vacate and once filed Romeo was given 30 days from that date to respond to the motion.

On October 5, 2023, I issued a letter to the parties allowing additional time for Romeo to propound discovery upon Simm (if she saw fit) and to amend her Response if she so desired. The purpose of this extension was to allow Romeo, who was self-represneted, an opportunity to flesh-out her claims and create a better factual record before I ruled on the pending Motion to Dismiss. At that point in the litigation, it was not apparent that Romeo was, or would be able, to support her allegations with facts. Romeo had not appeared to have engaged in any form of discovery and the basis for her belief that Love obtained her information from

4

Simm, was unknown. Romeo was to file her amended response, if any, no later than January 12, 2024.

On October 9, 2023, Love's new Counsel filed a Motion to Vacate, arguing excusable neglect, meritorious defense, and substantial prejudice. On November 8, 2023, Romeo filed a response to Love's Motion to Vacate, arguing that Love's failure to appear undermines the integrity of the judicial system and reinstating Love would be a waste of judicial resources.

Ultimately, Romeo chose not to file an amended response to Simm's Motion to Dismiss. At of the end of January 2024, once it became apparent that Romeo was not going to amend her Response, I began reviewing all of the previous filing with an eye towards issuing a ruling on the various pending motions, In her Response, Romeo's cited and summarized the holdings of eight Delaware cases that appeared to directly support her theory of the case and would allow her to attach liability for Love's actions to Simm. However, all attempts to locate these cases, either with a Westlaw search or a search by party name, date of decision or issuing court, proved fruitless.

Therefore, on January 31, 2024, I sent Romeo a letter requesting that she provide me with printed copies of all eight cases cited in her response within the next 20 days. The copies were to be delivered to Court of Common Pleas Chambers and to Simm; via hand-delivery or U.S. Mail. In my letter, I expressly

5

advised Romeo that failure to timely provide copies of these cases could result in the imposition of sanctions, up to and including dismissal of her case.

Unsurprisingly, twenty days passed, and Romeo did not provide printed copies of the eight cases or even respond to my letter. However, Romeo did send a letter to the Court requesting that she be allowed to appear to the upcoming hearing by Zoom.

On March 13, 2024, I issued a Rule to Show Cause, ordering Romeo within 15 days to file a written response to show cause, if any, as to why dismissal should not be entered against her for failure to provide printed copies of the eight cases. Concurrently, a hearing on the Rule to Show Cause was set for April 12. 2024.

On March 26, 2024, Romeo filed her Answer to the Rule to Show Cause, stating that she was unable to respond to the request to provide copies of the cases due to her academic and work commitments. Romeo stated that she was willing to provide copies of the cases if she was granted an extension.[8]

On April 11, 2024, Romeo sent a third letter informing the Court of her inability to attend the scheduled hearing on April 12, 2024, due to conflicting work and school obligations. Romeo again requested a rescheduling of the hearing or to be allowed to appear virtually.[9]

---

[8] Pl. Resp. to Rule to Show Cause.
[9] Pl. Letter to Court.

On April 12, 2024, a Hearing was held to address Simm's Motion to Dismiss and Romeo's Rule to Show Cause. Romeo was not excused, and in fact failed to appear at the Hearing. At the hearing, I informed Simm's Counsel that I intended to dismiss the case and that a written order would follow.

## PRCEDURAL POSTURE

Pending before the Court are three issues: 1) Defendant Shatera Love's Motion to Vacate a default judgement previously entered against her; 2) Defendant Simm Associates Inc.'s Motion to Dismiss; and 3) a Rule To Show Cause pending against Plaintiff Breanah Romeo for failing to comply with a Court Order to produce copies of case law she cited in her Response to Simm's Motion to Dismiss.

For the reasons that follow, the Motion to Vacate the Default Judgment is Granted and the Motion to Dismiss is rendered moot as I am dismissing Plaintiff's case with prejudice pursuant to the previously issued Rule to Show Cause.

## DISCUSSION

Court of Common Pleas Civil Rule 41(e) states that the "Court may order an action dismissed, *sua sponte*, upon notice of the Court, for failure of a party diligently to prosecute the action, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate.

7

A Rule To Show cause is governed by CCP Civ. R. 64.1:

> A rule to show cause may be issued only when permitted by law. An order for a rule to show cause shall set forth the return date and time thereof, and shall require the respondent to answer or otherwise plead at or before the return date and time. The order shall also state whether or not a hearing upon the rule will be held at the return date and time and, if not, what action the Court contemplates will be taken.

In the present matter, Romeo was given with more than ample opportunity to provide the requested copies of the cases she cited to the Court. Rather than comply, Romeo repeatedly asked for continuances and attempted to delay the proceedings. It is worth noting that at no time did Romeo directly address the fact that the Court could not locate the cases that she claimed directly supported her position.

As I see it, Romeo had two options: 1) supply the cases as requested, or 2) admit that she had fabricated the cases and ask the Court for leniency and allow her to amend her Response. Romeo did neither. Instead, Romeo chose to perpetuate her charade and proceeded to make vague assertions that her school and workload demands prevented her from complying with the Court's request.

I find Romeo's arguments to be meritless, and in fact, spurious. The simple fact is that Romeo would have already researched and located these cases as she had cited them in her Response on July 21, 2023 — no original research was

required at this point in time. Romeo should have had no difficulty in locating these cases and providing them to me had they existed in the first place.

I find that Romeo has perpetrated a fraud upon the Court and wasted considerable Court time and resources. I recognize that dismissal of a case for this reason might be viewed as an extreme result, however, I find it warranted in this instance. Romeo was repeatedly warned and given numerous opportunities to avoid this outcome. For the reasons set forth above, Romeo's case as to both Defendants is dismissed with prejudice.

**IT IS SO ORDERED.**

Bradley V. Manning,
Judge